## Commonwealth v. Ney.

*Criminal law—Practice, Q. S.—Grand jury—Resubmission of bills of indictment.*

Where bills of indictment are submitted to a grand jury inadvertently, without the presence of the prosecutor or a single witness, and are ignored, and the court subsequently directs a resubmission of the bills to a subsequent grand jury, it is immaterial that the district attorney submits new bills and not the old ones; and this is especially so if it appears that defendant was notified that the bills or indictment would be submitted to the second grand jury.

Motion to quash bills of indictment. Q. S. Schuylkill Co., Nov. T., 1925, No. 1366 and No. 1366 A.

*Cyrus M. Palmer,* District Attorney (with him *Vincent Dalton*), for Commonwealth.

*John F. Whalen* and *George M. Ellis,* for defendant.

KOCH, J., June 22, 1926.—In the magistrate's return it is charged that the defendant committed an assault and battery upon B. Frank Reider, Sr., and upon Amanda Reider, by running into them with his automobile on Main Street, in the Borough of Schuylkill Haven, in violation of law, on the evening of Oct. 3, 1925. Mr. Reider had both of his legs broken and Mrs. Reider had one leg broken. Upon that return the district attorney drew and submitted two indictments to the grand jury on March 5, 1926, one being No. 1366, November Term, 1925, for the assault and battery upon Amanda Reider, and the other being No. 1366 A, November Term, 1925, for the assault and battery on Mr. Reider. Russell C. Reider is the prosecutor, and his name was written as such prosecutor on each bill. There were also the names of seven witnesses written on each bill, but, when their names were called at the March Sessions, none answered and the grand jury ignored both bills. Then the district attorney presented his petition to this court on April 26, 1926, in which he averred, *inter alia,* that the said bills of indictment had been submitted to the grand jury through error and mistake; that two of the witnesses thereon named had been unable to attend court by reason of injuries, and that the case had been continued. It would, therefore, appear that the bills had been inadvertently submitted to the grand jury without the presence in court of either the prosecutor or a single witness. Upon due consideration of the petition of the district attorney, we directed that the bills of indictment should be resubmitted to the grand jury for the May Sessions of 1926, but, instead of resubmitting the old bills of indictment, the district attorney drew up new bills of indictment. However, before doing so, he had given notice to the defendant that a bill of indictment would be presented to the grand jury on Tuesday, May 4, 1926.

In support of the motion to quash, the defendant called attention to the fact that new bills were submitted, but we think it is immaterial whether the district attorney resubmitted the old bills or submitted new ones, and we are satisfied that it was entirely proper to have the grand jury pass upon this case. The grand jury of March did not pass upon the merits of the case; it knew nothing whatever about the merits of the case, because the case had been continued and the witnesses were, therefore, not present in court when the case was called. It is entirely apparent that the bills were submitted in error and we are satisfied of the correctness of our order made for the resubmission of bills to the grand jury at the May Sessions.

The motion to quash is overruled, the defendant is allowed an exception and bill is sealed.                    From M. M. Burke, Shenandoah, Pa.